# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IVORY JOE VALENTINE,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>SPEARMAN, Warden,<br><br>　　　　　Respondent. | Case No. SA CV 15-2177 DMG (MRW)<br><br>**ORDER DISMISSING HABEAS ACTION** |

　　　The Court summarily dismisses this untimely habeas action pursuant to 28 U.S.C. § 2244 and Local Rule 72-3-2.

　　　This is a state habeas action. In 1986, a state jury convicted Petitioner of murder and attempted manslaughter. The trial court sentenced Petitioner to 16 years to life in prison. Although not clearly pled, the federal habeas petition appeared to challenge aspects of the preliminary hearing in the criminal case. [Doc. # 1.]

　　　Hon. Michael R. Wilner, United States Magistrate Judge, screened Petitioner's current petition. [Doc. # 6.] Judge Wilner noted several apparent

1 defects with Petitioner's habeas action under AEDPA (the federal statute
2 governing habeas actions for state prisoners):

3     •     Petitioner's 2015 request for habeas review of a 1986 conviction was
4            facially untimely under AEDPA's one-year limitations period.
5            28 U.S.C. § 2244(d).
6     •     Petitioner's cursory claim of error failed to clearly identify a
7            cognizable federal constitutional challenge to his conviction.

8 [Doc. # 6 at 1-2.] Judge Wilner directed Petitioner to submit a statement
9 explaining: (a) why his habeas action was not untimely; and (b) the nature of his
10 federal claim. Judge Wilner expressly instructed Petitioner that, if he wished to
11 advance a claim of equitable tolling of the time limitation under AEDPA, he was
12 required to explain that claim and submit supporting evidence. (Id. at 2-3.)
13     Instead of filing such a statement, Petitioner filed an amended habeas
14 petition. [Doc. # 9.] The amended petition and the 200+ rambling pages of
15 attachments (including an earlier habeas action in another federal district involving
16 the denial of parole) failed to explain the timeliness issue. The materials also did
17 not request tolling of the limitations period. Instead, Petitioner added new claims
18 regarding the effectiveness of his lawyer, the lack of psychiatric testimony at trial,
19 and other evidentiary issues involving his trial. (Docket # 9 at 5-11.)
20     If it "appears from the application that the applicant or person detained is not
21 entitled" to habeas relief, a court may dismiss a habeas action without ordering
22 service on the responding party. 28 U.S.C. § 2243; see also Rule 4 of Rules
23 Governing Section 2254 Cases in United States District Courts (petition may be
24 summarily dismissed if petitioner plainly not entitled to relief); Local Civil
25 Rule 72-3.2 (magistrate judge may submit proposed order for summary dismissal
26 to district judge "if it plainly appears from the face of the petition [ ] that the
27 petitioner is not entitled to relief").
28

1    Under AEDPA, state prisoners have a one-year period within which they must seek federal habeas review of their habeas claims. 28 U.S.C. § 2244(d)(1). For convictions that became final before the April 1996 implementation of AEDPA, the one-year period expired in April 1997. Malcom v. Payne, 281 F.3d 951, 955 (9th Cir. 2002).

    The AEDPA limitations period can be tolled under the statute. If a prisoner properly files an application for state post-conviction review, the prisoner is entitled to "statutory tolling" of the AEDPA limitations period for the time that the habeas action is pending in state court. 28 U.S.C. § 2244(d)(2). However, any state habeas action filed after the expiration of the AEDPA filing window has no tolling effect under the statute. Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003).

    AEDPA's statutory limitations period may also be tolled for equitable reasons "in appropriate cases." Holland v. Florida, 560 U.S. 631, 645 (2010). Equitable tolling may apply where "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003). A prisoner must establish that: (1) he has been pursuing his rights diligently; and (2) some extraordinary circumstances caused the delay. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).

    Based on the Court's review of the original petition, the amended petition, and the supporting materials, Petitioner's action is subject to summary dismissal as a matter of law as untimely. Petitioner wishes to challenge a murder conviction that occurred 30 years ago. The time to challenge that conviction under AEDPA clearly became final nearly 20 years ago (in 1997). When the magistrate judge explained this circumstance to Petitioner – and offered him the opportunity to address the facial untimeliness of the action – Petitioner failed to do so.

1     The Court therefore has no factual basis to conclude that the case could possibly be timely. Petitioner offers no plausible argument or supporting evidence for an alternative accrual date of the limitations period under Section 2244. He also presents no claim for statutory or equitable tolling of the long-expired statute of limitations. A basic examination of the face of the petition reveals that it cannot be considered timely under federal law.

    On this basis, Petitioner's action is subject to dismissal. The action is therefore DISMISSED with prejudice. The Motion for leave to proceed *in forma pauperis* is DENIED as moot.

    IT IS SO ORDERED.

DATED: February 12, 2016

                                  DOLLY M. GEE
                                UNITED STATES DISTRICT JUDGE

Presented by:

HON. MICHAEL R. WILNER
UNITED STATES MAGISTRATE JUDGE